UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Judgment Creditor, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-MC-0028-B |
| | § | |
| AGENTRA LLC, TRACYANN NICOLE | § | |
| HAMILTON, and JANE DOES 1–10; | § | |
| | § | |
| Defendants, | § | |

## ORDER

Before the Court are Judgment Creditor Craig Cunningham ("Judgment Creditor")'s Motion for Writ of Execution and Appointment of Special Process Server (Doc. 2) and Motion for Continuing Writ of Garnishment (Doc. 4). Having considered the relevant authorities, the Court **DENIES** the motions.

Federal Rule of Civil Procedure 69(a)(1) provides in relevant part: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" Under Texas law, a writ of execution may be issued within 10 years after rendition of a judgment and upon proper application to the Clerk of Court. *Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*, 2014 WL 1652600, at *4 (W.D. Tex. Apr. 24, 2014) ("An application for an issuance of a writ of execution is first made to the Clerk of the Court. Tex. R. Civ. P. 622. Then, the Clerk issues the writ . . . "); Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 569 (5th Cir. 2006). Here, Plaintiff sought a writ of execution within ten years of rendition of a default judgment. *See* Doc. 1, Registration J., 1. Accordingly, Texas law permits the issuance of a writ of execution by

- 1 -

the Clerk when the applicable procedural and substantive requirements (set out in Texas Rules of Civil Procedure 621 through 656) are satisfied. *See Amron Int'l Diving Supply, Inc.*, 2014 WL 1652600, at *4; *see also* Doc. 5, Writ of Execution Hamilton. Therefore, Judgment Creditor's Motion for a Writ of Execution (Doc. 2) is **MOOT** to the extent that the requested relief has been granted by the Clerk of Court and **DENIED** to the extent that such a motion does not accord with Texas law.

Judgment Creditor also "requests permission to use a special process server to include a process server or County Sheriff to serve this Writ of Execution." Doc. 2, Mot. Writ Execution, 2. Judgment Creditor has not explained why a special process server is needed in this case nor provided caselaw in support of his request. *See id.* So, the Court **DENIES WITHOUT PREJUDICE** Judgment Creditor's request to use a special process server.

Next, Judgment Creditor "moves th[e] [C]ourt to issue a Writ of Garnishment against JPMorgan Chase Bank, N.A., Citibank, N.A., Wells Fargo Bank, N.A., Bank of America, N[.]A., Capital Bank One [sic], N.A., TD Ameritrade Inc., E*Trade Bank, [and] E*Trade Securities, LLC." *Id.* at 1. Judgment Creditor separately "moves th[e] [C]ourt to issue a Writ of Continuing Garnishment against" these same entities plus Agentra LLC. Doc. 4, Mot. Continuing Garnishment, 1.

"A writ of garnishment is available if . . . a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3). Texas Rule of Civil Procedure 658 allows "the plaintiff [to] file an application for a writ of garnishment"; "[s]uch application shall be supported by affidavits of the plaintiff, his agent, his

attorney, or other person having knowledge of relevant facts . . . [and] shall comply with all statutory requirements and . . . state the grounds for issuing the writ." "The application and any affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence; provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated." *Id*. After the required application has been made, "the judge, or clerk . . . shall . . . issue a writ of garnishment." Tex. R. Civ. P. 659.

Here, Judgment Creditor has registered a judgment, Doc. 1, Registration J., and has provided an affidavit in support of his application for a writ of garnishment. Doc. 3, Cunningham Aff. However, Judgment Creditor's affidavit does not satisfy Rule 658 because it misidentifies his role in this suit. *See id.* (identifying Judgment Creditor as "the Plaintiff in this case"). Further, the record does not contain documentation showing that Judgment Creditor is the agent of the plaintiff or establishing Judgment Creditor's authorization to act for the plaintiff in this action. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Judgment Creditor's motions seeking writs of garnishment. The Court grants leave for Judgment Creditor to refile his request—styled as an "Application for a Writ of Garnishment"—within **THIRTY DAYS** of the date of this Order, provided he can satisfy each applicable requirement of Texas law. Judgment Creditor shall attach a separate writ of garnishment (including a specific address to which the writ shall be delivered) for each proposed garnishee to any such application.

SO ORDERED.

SIGNED: July 18, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 3 -